```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| ALBERT CURTIS MILLS | : |
| | : |
| v. | :   Civil Action No. DKC 06-2313 |
| | : |
| BERKELY GHEE, et al. | : |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this prisoner civil rights case is a motion filed by Defendant Berkely Ghee to dismiss or, in the alternative, for summary judgment. (ECF No. 52). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted in part and denied in part.

**I.   Background**

According to the verified complaint, Plaintiff Albert Curtis Mills was an inmate at the Maryland House of Correction Annex until November 7, 2005, when he was among a large number of inmates transferred to the Maryland Correctional Adjustment Center ("MCAC"). On that date, Defendant Berkely Ghee and other correctional officers "came to [Plaintiff's] cell to put [him]

in restraints for transportation to [MCAC]." (ECF No. 1, at 3).[1] As the officers escorted him to "the recreation room . . . to be put in full restraint[s]," Officer Ghee "verbal[ly] abuse[d]" Plaintiff. (*Id*. at 4). While placing Plaintiff in full restraints, Officer Ghee intentionally applied "the waist chain . . . extremely tight," resulting in "sharp and excruciating [pain] and restrict[ion] [of his] blood circulation and breathing." (*Id*. at 6). Plaintiff told the officers "about this pain and [] circulation and [] breathing abuse," but they ignored him. (*Id*.). The restraints were not removed until approximately "five hours" later, after he arrived at MCAC. (*Id*. at 8). Plaintiff alleges that he has experienced "excruciating pain" in his back ever since. (*Id*. at 9).

On September 1, 2006, Plaintiff, proceeding *pro se*, commenced this action under 42 U.S.C. § 1983, alleging that Officer Ghee and other correctional and medical services defendants violated his constitutional rights by using excessive force against him, by verbally abusing him, and by denying him medical treatment. (ECF No. 1). All defendants upon whom service was initially effected moved to dismiss or, in the alternative, for summary judgment. (ECF Nos. 27, 43). The court granted those motions on September 15, 2011. (ECF Nos.

---

[1] References to page numbers in the complaint are to those assigned by the court's electronic case filing system.

45, 46). Notably, Plaintiff's claims against three unserved correctional defendants alleged to have "applied his waist chain too tightly" were summarily dismissed for failure to state a claim. (ECF No. 45, at 9). As to these defendants, the court explained:

> Plaintiff does not indicate the circumstances surrounding the application of the restraint or whether he advised the officer the restraints were applied too tightly. Most importantly, giving Plaintiff's complaint a liberal construction, [he] does not allege that [these officers] acted maliciously or sadistically to cause him harm.

(*Id*.). These allegations were contrasted with those related to Officer Ghee, who was also unserved at the time of the prior opinion:

> Plaintiff alleges that Defendant Ghee used excessive force against him by applying the waist chains too tightly in an effort to "abuse" him. He states that he advised Ghee the waist chains were too tight and he would not resist the application of the restraints. He further claims that Ghee was verbally abusive to him during the application of the waist chains as further evidence of Ghee's malicious intent.

(*Id*. at 9-10). The court found that Plaintiff had alleged a sufficient excessive force claim against Officer Ghee and directed the Marshal to effect service upon him.

Officer Ghee was served on or about December 5, 2011, and filed the pending motion to dismiss or, in the alternative, for

summary judgment on January 27, 2012. (ECF No. 52). As support for this motion, he attaches a declaration asserting that he recalls "a mass transfer of inmates" on or about November 7, 2005, during which he "appl[ied] restraints to several inmates." (ECF No. 52-2 ¶ 3). While he has no specific recollection regarding whether Plaintiff was among those inmates, he states that he had "no problem with any inmate [he] restrained or escorted" on that occasion and that he has "no personal animosity toward [Plaintiff] and never used abusive language toward him, on the day of the mass transfer or any other day." (*Id*. at ¶¶ 3, 4). Officer Ghee further describes the manner in which he was trained to apply "three-piece restraints," including waist-chains, and attests that he "always" applied these restraints in that manner. (*Id*. at ¶ 5).

Plaintiff was advised by the clerk that a potentially dispositive motion had been filed against him, but failed to respond.

**II. Standard of Review**

Under Fed.R.Civ.P. 56(a):

> A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court

> should state on the record the reasons for granting or denying the motion.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact is presented where the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Therefore, on those issues on which the nonmoving party has the

Case 8:06-cv-02313-DKC   Document 54   Filed 04/23/12   Page 6 of 9

burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.  A verified complaint "is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge."  *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).  The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment.  *See Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted).  Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  *See Drewitt v. Pratt*, 999

F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

## III. Analysis

### A.  Excessive Force

Whether force used by prison officials was excessive is determined by inquiring as to whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkins v. Gaddy*, --- U.S. ----, 130 S.Ct. 1175 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Wilkens*, 130 S.Ct. at 1177.

7

Despite the fact that Plaintiff failed to respond to the instant motion, this case is, essentially, in the same posture as it was when the court determined, *sua sponte*, that Plaintiff had sufficiently stated an excessive force claim against Officer Ghee.  That is so because Plaintiff signed his complaint under penalty of perjury, pursuant to 28 U.S.C. § 1746.  In this circuit, "[a] prisoner proceeding pro se in an action filed under § 1983 may rely on the detailed factual allegations in his verified pleadings to withstand a motion for summary judgment supported by affidavits containing a conflicting version of the facts."  *See DePaola v. Taylor*, Civil Action No. 7:10cv000398, 2011 WL 2445859, at *5 (W.D.Va. June 15, 2011) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979)).

In his motion for summary judgment, Officer Ghee does little more than set forth a conflicting version of facts to those presented by Plaintiff in his verified complaint.  As the court previously determined that Plaintiff has sufficiently stated an excessive force claim, the effect of Defendant's declaration is merely to establish that there is a genuine dispute of material fact as to the relevant issues.  Under these circumstances, Officer Ghee is not entitled to summary judgment. Further, if the actions of the defendant occurred in the manner alleged by Plaintiff, qualified immunity would not apply.  *See Buonocore v. Harris*, 65 F.3d 347, 359-60 (4th Cir. 1995) ("If a

8

plaintiff has alleged a clearly established right, summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants.").

### B. Verbal Abuse

Plaintiff's verbal harassment claim does not fare as well. "[N]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Verbal abuse of inmates by guards, including aggravating language, without more, does not state a constitutional claim. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff laughed at inmate and threatened to hang him); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (racial slurs); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980) (no harm alleged from claimed verbal harassment and abuse by police officer). Accordingly, Plaintiff's allegation that Officer Ghee verbally harassed him fails to state a claim.

## IV. Conclusion

For the foregoing reasons, Officer Ghee's motion to dismiss or, in the alternative, for summary judgment will be granted in part and denied in part. Counsel shall be appointed for Plaintiff. A separate order will follow.

```
         _____/s/_____
         DEBORAH K. CHASANOW
         United States District Judge
```